IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHUCK PRUITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:18-CV-324 |
| | § | |
| ASPHALT ZIPPER, INC., | § | JURY REQUESTED |
| | § | |
| Defendant. | § | |

**DEFENDANT ASPHALT ZIPPER, INC.'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES COURT:

Defendant Asphalt Zipper, Inc. ("Defendant" or "Asphalt Zipper") files its Answer to Plaintiff's First Amended Complaint and would respectfully show:

### A. DEFENDANT'S ANSWER

### I.
### THE PARTIES

1. Defendant has insufficient information to admit or deny the allegations in Paragraph 1 of Plaintiffs' First Amended Complaint.

2. Defendant has insufficient information to admit or deny the allegations in Paragraph 2 of Plaintiffs' First Amended Complaint.

3. Defendant admits that it is a corporation with its principal place of business in Utah, and that it has been served with process in this matter.

## II.
## SUBJECT MATTER JURISDICTION

4. Defendant has insufficient information to admit or deny the allegations in Paragraph 4 of Plaintiffs' First Amended Complaint.

5. Defendant admits the allegations in paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendant admits that this Court has federal diversity subject matter jurisdiction over this case. Defendant admits Plaintiffs are seeking damages within the jurisdictional limits of this court.

## III.
## PERSONAL JURISDICTION

7. Defendant admits it designs, manufactures and sells Asphalt Zipper machines and components. Some component parts sold with Asphalt Zipper machines, however, are manufactured by third parties. Defendant admits it sells Asphalt Zipper machines in Texas. Defendant denies the remaining allegations in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Defendant denies the allegations in Paragraph 8 of Plaintiffs' First Amended Complaint.

## IV.
## VENUE

9. Defendant has insufficient information to admit or deny the allegations in Paragraph 9 of Plaintiffs' First Amended Complaint.

# V.
# FACTS

10. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiffs' First Amended Complaint.

11. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiffs' First Amended Complaint.

12. Defendant generally admits the allegations in Paragraph 12.

13. Defendant admits it sells water system components, which can be used in conjunction with Asphalt Zipper machines. Defendant lacks sufficient information at this time to admit or deny the remaining allegations in Paragraph 13.

14. Defendant has insufficient information to admit or deny the allegations in Paragraph 14 of Plaintiffs' First Amended Complaint.

15. Defendant has insufficient information to admit or deny the allegations in Paragraph 15 of Plaintiffs' First Amended Complaint.

16. Defendant has insufficient information to admit or deny the allegations in Paragraph 16 of Plaintiffs' First Amended Complaint.

# VI.
# CLAIMS AGAINST DEFENDANT ASPHALT ZIPPER, INC.

**A. PRODUCT LIABILITY – DESIGN DEFECT**

17. Defendant admits it sells water system components which can be used in conjunction with Asphalt Zipper machines. Defendant denies the remaining allegations in Paragraph 17 of Plaintiffs' First Amended Complaint.

18. Defendant denies all the allegations in Paragraph 18 of Plaintiffs' First Amended Complaint.

19. Defendant has insufficient information to admit or deny the allegations in Paragraph 19 of Plaintiffs' First Amended Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint.

**B. PRODUCT LIABILITY – MANUFACTURE DEFECT**

28. Defendant admits it sells water system components which can be used in conjunction with the Asphalt Zipper machines. Defendant denies the remaining allegations in Paragraph 28 of Plaintiffs' First Amended Complaint.

29. Defendant has insufficient information to admit or deny the allegations in Paragraph 29 of Plaintiffs' First Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiffs' First Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' First Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint.

### C. PRODUCT LIABILITY – MARKETING DEFECT/FAILURE TO WARN

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' First Amended Complaint.

### D. STRICT LIABILITY

34. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint.

35. Defendant has insufficient information to admit or deny the allegations in Paragraph 35 of Plaintiffs' First Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of Plaintiffs' First Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint.

**E.   NEGLIGENCE**

42. Defendant denies the allegations in Paragraph 42 of Plaintiffs' First Amended Complaint.

43. Defendant denies the allegations in Paragraph 43. Defendant denies the allegations in Paragraph 43, Subparts a., b., c., d., e., f., and g.

**F.   GROSS NEGLIGENCE**

44. Defendant denies the allegations in Paragraph 44 of Plaintiffs' First Amended Complaint.

45. Defendant denies the allegations in Paragraph 45 of Plaintiffs' First Amended Complaint.

46. Defendant denies the allegations in Paragraph 46 of Plaintiffs' First Amended Complaint.

**G.   EXEMPLARY DAMAGES**

47. Defendant denies the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint.

**G.   LOSS OF CONSORTIUM**

48. Defendant denies the allegations in Paragraph 48 of Plaintiffs' First Amended Complaint.

## VII.
## DAMAGES

49. Defendant denies all the allegations in Paragraph 49. Defendant denies the allegations in Paragraph 49, Subparts a., b., c., d., e., f., g., h., i., and j.

## VIII.
## PRAYER

50. Defendant denies that Plaintiffs are entitled to the relief they seek. If further answer is required, denied.

**B.     AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

51. As a specific defense, Defendant asserts that Plaintiffs' claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects, to wit:

   a)   Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

   b)   The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

52. Defendant further affirmatively pleads that in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, et. seq. of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code and Texas Financial Code, Chapter 304.

53. Defendant affirmatively pleads that the damages sought by this lawsuit against it were, in whole or in part, caused by the neglect and/or intent and/or omissions of Plaintiffs and/or third person(s) over whom Defendant did not control, had no right of control, and/or no duty over which to exercise control. Plaintiffs' and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiffs and cannot be attributed to Defendant.

54. In addition and in the alternative, without waiving the foregoing defense, Defendant is not liable because to the extent it is a nonmanufacturing seller, pursuant to section 82.003(a) of the Texas Civil Practices and Remedies Code.

55. In addition and in the alternative, without waiving the foregoing defenses, Defendant denies that the product was defective when Defendant sold it. Any defect existing in the product described in Plaintiffs' complaint, any injury caused to Plaintiffs, was the direct and proximate result of occurrences affecting the product after it left Defendant's control, and for which Defendant is in no way responsible.

56. In addition and in the alternative, without waiving the foregoing defenses, this action is subject to the defense of comparative fault. The negligence of Plaintiffs caused or contributed to their injuries so that their claims are barred or, in the alternative, must be reduced in accordance with the relative degree of his own negligence. Defendant requests the trier of fact

DEFENDANT ASPHALT ZIPPER, INC.'S ANSWER                                                                                           PAGE 8
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

to determine Plaintiffs' liability and percentage of responsibility pursuant to Texas Civil Practices & Remedies Code section 33.003.

57. In addition and in the alternative, without waiving the foregoing defenses, this action is subject to the proportionate responsibility provisions of chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of section 33.003 thereof that the trier of fact determine the relative responsibility of Plaintiffs, Defendant, and each and every responsible third-party that may be joined in the suit. Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Defendant, when compared with that of Plaintiffs, and each and every responsible third party is greater than 50%.

58. In addition and in the alternative, without waiving the foregoing defenses, Plaintiffs' recovery, if any, from Defendant may have resulted from new and independent, unforeseeable, superseding and intervening causes unrelated to any conduct of Defendant.

59. In addition and in the alternative, without waiving the foregoing defenses, Defendant would further show that Plaintiff is only entitled to recover those medical expenses actually paid or incurred on his behalf pursuant to section 41.0105 of the Texas Civil Practices and Remedies Code.

60. In addition and in the alternative, without waiving the foregoing defenses, Defendant alleges, on information and belief, that the product which forms the subject of this lawsuit was misused and/or altered by Plaintiffs and/or by others over whom Defendant exercised neither direction nor control, and such misuse and/or alteration was the cause of the damages of which Plaintiffs complain.

61. In addition and in the alternative, without waiving the foregoing defenses, Defendant herein asserts that no safer alternative design existed at the time the product left the manufacturer's control that would have reduced or eliminated the risks and/or dangers as alleged in the Plaintiffs' First Amended Complaint.

62. In addition and in the alternative, without waiving the foregoing defenses, Plaintiffs' claims are barred, in whole or in part, because the product was not defective in design or formulation and because the harm for which Plaintiffs seeks to recover compensatory damages for was caused by inherent characteristics of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the consumer of this specialized product.

63. In addition and in the alternative, without waiving the foregoing defenses, Plaintiffs' claim for damages are barred because the subject product was accompanied by adequate instructions and warnings relative to the safe use of the subject equipment described in Plaintiffs' First Amended Complaint.

## **DEFENDANT'S PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Asphalt Zipper, Inc. prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant and that Defendant recovers its court costs and other such further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully Submitted,

*/s/ Daniel P. Buechler*
Daniel P. Buechler
State Bar No. 24047756
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 880-2639
Facsimile: (214) 871-8209
dbuechler@thompsoncoe.com

Lauren C. Doughty
State Bar No. 24087442
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos Street, Suite 1500
Austin, Texas 78701
Telephone: (512) 708-8200
Facsimile: (512) 708-8777
ldoughty@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT ASPHALT ZIPPER, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

>Muhammad S. Aziz
>ABRAHAM, WATKINS, NICHOLS, SORRELS
>AGOSTO & AZIZ
>800 Commerce Street
>Houston, Texas 77002
>Facsimile: (713) 225-0827
>maziz@abrahamwatkins.com

and

>Robert Stem, Jr.
>ATTORNEY AT LAW
>801 Washington Ave, Ste. 300
>Waco, Texas 76701
>Facsimile: (254) 442-7937
>robert@rstemlaw.com

**ATTORNEYS FOR PLAINTIFFS
CHUCK PRUITT AND LISA PRUITT**

>*/s /Daniel P. Buechler* \_\_\_\_
>Daniel P. Buechler