IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CHUCK PRUITT,** § | |
| *Plaintiff*, § | |
| § | |
| **v.** § | |
| § | |
| **ASPHALT ZIPPER, INC.,** § | **CIVIL NO. 6:18-CV-324** |
| *Defendant*. § | |
| § | |
| § | |

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Before the Court is Partial Motion for Summary Judgment brought by Defendant Asphalt Zipper, Inc. against Plaintiff Chuck Pruitt. The Court has considered the Motion, all relevant filings, and the applicable law. For the reasons set forth below, the Court finds that Defendant's Motion should be **GRANTED**.

### I. BACKGROUND

**A. Factual Background**

The product at issue is essentially a water tank in a frame that attaches to a tractor-like machine called the Asphalt Zipper. Pl.'s Compl., ECF No. 1 ¶¶ 10–11. The Asphalt Zipper machine is separate and apart from the product at issue ("the tank"). Pl.'s Resp., ECF No. 37 at 15. Before the tank attaches to the Asphalt Zipper, the tank rests on supporting jack stands ("jacks"). Pl.'s Compl., ¶ 13. On October 17, 2017, the machine was backed up to the frame in order to attach the tank to the Asphalt Zipper; unfortunately, the frame fell off its jacks onto Plaintiff's leg, causing serious injury that was described as a near amputation. *See* Compl., ¶ 9.

1

Since its inception, the tank has been in production for approximately nineteen–years, and about 250 units have been sold. Def.'s Mot., ECF 30 ¶¶ 8–9.

Plaintiff asserts causes of action for design defect and manufacturing defect products liability, strict liability, negligence, and gross negligence, and also seeks exemplary damages. Pl.'s Compl., ¶¶ 16–46. Defendant is moving for Partial Summary Judgment on Plaintiff's claims of gross negligence and exemplary damages. *See* Def.'s Mot.

In its Response, Plaintiff contends that the record includes sufficient issues of material fact sufficient to establish the elements for a claim of gross negligence. *See* Pl.'s Resp. Plaintiff argues that his summary judgment evidence establishes that Defendant was grossly negligent in its design and manufacture of the water tank and frame by "failing to document the design process to ensure adequate testing was conducted[,]" and because Defendant "knew the [tank] could top over and cause serious injury," which Defendant then ignored and/or failed to provide adequate warnings thereof. Pl.'s Resp at 2; 9–12 ¶¶ 1–26. Defendant disagrees. *See* Def.'s Mot.

## II. LEGAL STANDARD

### A. Summary Judgment Standards

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying the portions of the record that the movant believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2804 (2015). "A fact issue is material if its resolution

could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Hudspeth v. City of Shreveport*, 270 F. App'x 332, 334 (5th Cir. 2008). Once a proper motion has been made, the nonmovant may not rest upon mere allegations or denials, but must present affirmative evidence by setting forth specific facts that show the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322 (quoting Fed. R. Civ. P. 56(e)).

### B. Gross Negligence and Exemplary Damages Standards

For exemplary damages, the Texas Civil Practice and Remedies Code requires that a claimant prove, by clear and convincing evidence, that the harm results from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003(a). As Defendant points out, Plaintiff does not allege fraud or malice in the instant action; therefore, exemplary damages would only flow from gross negligence if found. *See* Def.'s Mot. Gross negligence is an act or omission that represents an objectively extreme degree of risk; simultaneously, the actor must possess a subjective awareness of the risk involved. Tex. Civ. Prac. & Rem. Code § 41.001(11). Furthermore, "clear and convincing" evidence is defined in the statute as the "degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Civ. Prac. & Rem. Code § 41.001(2). Lastly, courts have defined extreme risk as "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Dillard Dep't Stores, Inc. v. Silva*, 148 S.W.3d 370, 374 (Tex. 2004).

## III. ANALYSIS

The Court rules, as a matter of law, that even under summary judgment standards, there are no sufficient issues of material fact with respect to the subjective prong of gross negligence. While this record may be a strong factual showing for other causes of action, gross negligence requires a "clear and convincing" showing that Defendant possessed actual awareness of the extreme risk at the time. Tex. Civ. Prac. & Rem. Code § 41.001(11); § 41.001(2). Therefore, the Court rules that Defendant is entitled to judgment as a matter of law.

Even if the inherent design of the jacks and/or inadequate testing led to extreme risk—there are no predicate facts that could establish that Defendant possessed actual subjective awareness of such risk. Since both the objective and subjective prongs of extreme recklessness are required in order to show gross negligence, the Court need not to address the objective risk prong. Tex. Civ. Prac. & Rem. Code § 41.001. Further, since the record does not show Defendant's actual awareness of the risk, all derivative claims of gross negligence fail, including the inadequate warning claims.

### A. Expert Testimony

Regarding the subjective prong, the expert testimony does not demonstrate the state of mind of Defendant. One part of Plaintiff's expert testimony argues that Defendant "could and should have" done better. Pl.'s Resp. at 14. Similarly, other expert testimony states that Defendant was "grossly negligent in an engineering sense." Pl.'s Resp., ¶ 25(h). Although Plaintiff's expert testimony may be germane to the objective risk prong, the Court rules that this evidence is not sufficient to establish the subjective prong under these facts.

Even if the testimony showed that Defendant had the capacity to engineer the product to perfect safety and then plaster the product with warning labels, such testimony does not show

Defendant's actual awareness of the risk. In fact, Defendant may have believed that the product was reasonably safe because over 250 units had been sold without incident, a safety manual was included with the Zipper machine of which the tank attaches, and the customers were sophisticated users in their own right. Def.'s Mot., ¶¶ 8–12. Under this set of facts, no reasonable juror could conclude that Defendant clearly and convincingly possessed the required actual awareness of extreme risk merely from Plaintiff's expert opinion and without additional facts.

## B. Defendant's Testimony

Plaintiff nearly categorically relies on the testimony by Tron Haroldsen "Q. [i]f [the tank] falls into somebody, that can cause serious injury; agreed? . . . A. [y]es" to show sufficient facts in order to substantiate the subjective prong. Pl.'s Resp. at 12 (internal marks omitted). In fact, Plaintiff characterizes that testimony as "unequivocally establish[ing that] Defendant was aware of an extreme risk of serious injury *if* the [tank] were to fall onto a person." Pl.'s Sur-Reply, ECF 39 at 3 (emphasis added). The Court agrees. However, Plaintiff misunderstands the sufficiency of its conditional statement. Defendant admitting that the heavy tank can cause injury in the abstract cannot satisfy the subjective element, even under the forgiving summary judgment standards. *Hudspeth,* 270 F. App'x at 334 ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal . . .").

Importantly, the subjective prong's mental state is actual awareness of *extreme risk*. Tex. Civ. Prac. & Rem. Code § 41.001 (11)(A)–(B) (stating that gross negligence requires actual subjective awareness "of the risk involved" which the statute defines as an "extreme degree of risk."). Given that extreme risk is "not a remote possibility of injury . . . but rather the *likelihood* of serious injury to the plaintiff[,]" the Summary Judgment facts must materially question Defendant's actual awareness of a likelihood of the tank falling on a person *and* that it would

5

cause serious injury. *Dillard*, 148 S.W.3d at 374 (emphasis added). This record only raises facts as to Defendant's awareness of the theoretical possibility of a serious injury, but not the likelihood thereof—that is not enough.[1]

Instead of offering facts such as past tip-overs, other customer complaints, observing a tip over, et cetera, Plaintiff relies Plaintiff relies on 'should have known better' of experts and admissions in the abstract. Thus, the Court finds no sufficient issue of material facts in the record as to the subjective prong of gross negligence. Therefore, the Court finds that Defendant is entitled to Partial Summary Judgment.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Motion in favor of Defendant, Asphalt Zipper, Inc.

**SIGNED** this 20th day of October, 2020.

  
_____  
**ALAN D ALBRIGHT**  
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court's analysis equally applies to Plaintiff's other contentions such that Defendant admitting that theoretically warning labels should be placed on unsafe design characteristics may show the subjective prong of gross negligence. *See* Pl.'s Resp., ¶ 10.